# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

MICHAEL DEWAYNE PADGETT                                                      PLAINTIFF

v.                                                  CIVIL ACTION NO. 4:14CV-P33-M

CHAD PAIN *et al.*                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Dewayne Padgett, a convicted inmate currently incarcerated at the Kentucky State Penitentiary, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 complaining of events occurring during his detention at the Daviess County Detention Center (DCDC) (DN 1). After filing the complaint, Plaintiff filed a letter containing additional allegations (DN 6). **The Court construes this letter as an amendment to the complaint. The Clerk of Court is DIRECTED to redocket the letter (DN 6) accordingly.**

This matter is currently before the Court on initial review of Plaintiff's complaint and amendment pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Eighth Amendment excessive-force claim against Defendant Chad Pain in his individual capacity for damages will proceed; all other claims will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff brings suit against DCDC Corporal Chad Pain, Jailer David Osborne,[1] and Captain Kenneth H. Ehlschide. He sues Defendants Pain and Ehlschide in their individual and official capacities and sues Defendant Osborne in his official capacity only.

---

[1] Plaintiff spells this Defendant's last name "Osborn" and "Osbourn." The Court takes judicial notice that the Daviess County Jailer is "David Osborne" and will use that spelling.

Plaintiff divides his statement of claims into three sections. First, he alleges that on February 9, 2014, Defendant Pain "willingly assaulted [him] in the Face with his Fist." He alleges that Defendant Ehlschide reviewed the video and that a copy of the video was given to the State Police and Daviess County Prosecutor.

Second, Plaintiff reports that on February 10, 2014, he was questioned by Defendant Ehlschide, non-defendant Major Billings, and Defendant Osborne. Plaintiff states that he told them about the assault and advised them that he "Refused to let this go without something done." He claims that Defendant Ehlschide "saw the swelling on my left cheek right Below my left eye, at This time Major Billing paused the camera and recording." Defendant Ehlschide then, according to Plaintiff, stated "'who do you think the court will Believe? A High Ranked officer in the Jail or a Inmate with a History of Threats and assaults" to which Plaintiff replied, "'The court will Find the truth.'"

Finally, Plaintiff states that he was refused "a 1983 Form, and phone calls with My Lawyer untill shipped to prison, on Thursday, Febuary 13th and Tuesday Febuary 11th."

In the amendment to the complaint, Plaintiff alleges that the video and a written report show as follows:

> I was secured in The emergency Restraint chair Before i was Assaulted By corporl Chad Pain. And Then Tased. This chair Includes Belly Strapes, Feet Straps and My Hands were handcuffed Behind by Back, I was Also Being held around my Neck/head were it was hard to Breath, which would and did retain me From any kind of Retaliation.

As relief in the complaint, Plaintiff seeks monetary and punitive damages and release on parole.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Official-capacity claims*

Plaintiff sues all three Defendants in their official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants, therefore, are actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

4

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint or its amendment demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Daviess County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the official-capacity claims against all Defendants will be dismissed.

### B. Individual-capacity claims

Plaintiff sues Defendants Pain and Ehlschide in their individual capacities.

#### 1. *Injunctive relief*

Plaintiff asks to be released on parole. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking an immediate or speedier release from custody, the claim for injunctive relief will be dismissed.

#### 2. *Damages*

##### a. *Defendant Pain*

Upon consideration, the Court will allow Plaintiff's Eighth Amendment[2] excessive-force claim to continue against Defendant Pain in his individual capacity for damages.

##### b. *Defendant Ehlschide*

Plaintiff alleges that Defendant Ehlschide reviewed the video of the assault, questioned him about the assault, and asked him whom he thought the Court would believe as to the circumstances surrounding the assault. None of these allegations state a constitutional claim. Accordingly, the individual-capacity claim for damages against Defendant Ehlschide will be dismissed.

---

[2]Although not so specified by Plaintiff, the Court construes his allegations against Defendant Pain as arising under the Eighth Amendment to the U.S. Constitution.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the Eighth Amendment excessive-force claim against Defendant Pain in his individual capacity for damages will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome. The Court will enter a separate Scheduling Order governing the development of this claim.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Date: August 20, 2014

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Daviess County Attorney
4414.005